UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21499-CIV-ALTONAGA/Damian

**LAMAR FAWCETT**,

    Plaintiff,
v.

**CARNIVAL CORPORATION**,

    Defendant.

_____/

# ORDER

**THIS CAUSE** came before the Court on Defendant, Carnival Corporation's Motion to Dismiss Plaintiff's Complaint [ECF No. 11], filed on May 24, 2023.  Plaintiff, Lamar Fawcett, filed a Response [ECF No. 16], to which Defendant filed a Reply [ECF No. 17].  The Court has carefully considered Plaintiff's Complaint [ECF No. 1], the parties' written submissions, and applicable law.  For the following reasons, the Motion is granted in part.

## I. BACKGROUND

Plaintiff was a passenger aboard the Carnival cruise ship *Magic* on May 7, 2022, when he "slipped on a wet or slippery transient foreign substance" while on the ship's "Lido deck near the pool[.]"  (Compl. ¶ 13 (alteration added)).  The fall caused Plaintiff "injuries including injuries to his knee and quadricep" that resulted in "pain . . . mental anguish, disfigurement, disability, aggravation or acceleration of preexisting conditions, and the inability to lead a normal life."  (*Id.* ¶ 14 (alteration added)).  Because of the fall, Plaintiff also incurred medical and health care expenses and "lost wages and a loss of future earning capacity."  (*Id.*).  Plaintiff estimates "[t]hese damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future."  (*Id.* (alteration added)).

Plaintiff brings claims against Defendant for negligent maintenance (Count I) and negligent failure to warn of hazard (Count II). (*See id.* ¶¶ 15–29). In each Count, Plaintiff alleges that Defendant had

> actual and/or constructive notice of the dangerous condition on the Lido Deck floor . . . due to the length of time the wet, slippery condition had been present before the Plaintiff slipped on it and fell[;] the Defendant's inspection schedule and cleaning policies for the floor surface in question[;] the recurring nature of the condition[;] prior similar incidents[;] the high traffic nature of the Lido Deck[;] or otherwise.

(*Id.* ¶¶ 18, 26 (alterations added)). Plaintiff also points to several slip and fall incidents on the Lido Deck of the *Magic* and *Breeze* vessels that he proffers as "[s]pecific evidence of notice[.]" (*Id.* ¶¶ 19, 27 (alterations added)).

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that it fails to state claims for relief. (*See generally* Mot.). According to Defendant, Plaintiff has not plausibly alleged actual or constructive notice nor adequately pleaded the elements of a negligent-failure-to-warn claim. (*See generally id.*).

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation

omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

### III. DISCUSSION

Defendant asserts that Plaintiff has failed to adequately plead that Defendant had actual or constructive notice of the dangerous substance that caused Plaintiff's fall. (*See* Mot. 3–17).[1] Defendant also argues that the claim for negligent failure to warn in Count II should be dismissed because Plaintiff fails to adequately plead that the dangerous condition was not open and obvious. (*See id.* 17–19). Plaintiff maintains he has sufficiently alleged Defendant's notice but does not address Defendant's argument regarding the negligent-failure-to-warn claim. (*See generally* Resp.).

The Court finds that Plaintiff adequately pleads notice of the dangerous condition, but he

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

fails to plead all the elements of a negligent-failure-to-warn claim.

**A. Notice**

A tort falls within the Court's admiralty jurisdiction if (1) "the incident occurred on navigable water, or the injury was caused by a vessel on navigable water[;]" and (2) if the incident has a connection to maritime activity. *Buland v. NCL (Bah.) Ltd.*, 992 F.3d 1143, 1149 (11th Cir. 2021) (alteration added; quotation marks and citation omitted); *see generally Foremost Ins. Co. v. Richardson*, 457 U.S. 668 (1982). Since Plaintiff's injury occurred on Defendant's vessel (*see* Compl. ¶ 12), federal maritime jurisdiction is proper.

In maritime negligence actions, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quotation marks and citation omitted). To impose a duty in a maritime context, the shipowner must "have had actual or constructive notice of a risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (alteration adopted; quotation marks and citations omitted).

"Actual notice exists when the defendant knows about the dangerous condition." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) (citations omitted). Constructive notice — "where the shipowner ought to have known[,]" *id.* (alteration added; quotation marks and citation omitted) — may be demonstrated when "the defective condition existed for a sufficient period of time to invite corrective measures . . . . [or by] evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused

the prior accident," *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (alteration adopted; other alterations added; quotation marks and citations omitted).

Plaintiff's allegations of notice in both claims are identical (*see* Compl. ¶¶ 15–29), and the parties do not differentiate between Counts when discussing notice in their briefing (*see generally* Mot.; Resp.; Reply). The Court addresses notice as it relates to both claims together.

According to Plaintiff, Defendant had notice of the dangerous condition that caused his fall because of the "length of time" the condition existed, Defendant's "inspection schedule and cleaning policies[,]" and "the recuring nature of the condition, . . . the high traffic nature of the Lido Deck, or otherwise." (Compl. ¶¶ 18, 26 (alterations added)). In addition, Plaintiff identifies "prior similar incidents," including 25 slip and fall incidents on the *Breeze* vessel and six "[c]ases arising from slip and falls on wet or slippery areas of the Lido Deck" of the *Magic*. (*Id.* ¶¶ 18–19, 26–27 (alteration added)).

Defendant first argues Plaintiff's allegations are "generalizations and speculation" that amount to a "mere recitation of the elements followed by conclusory statements." (Mot. 9 (citation omitted)). Defendant asserts Plaintiff provides no supporting evidence or factual details about the length of time the condition existed; no facts about Defendant's cleaning schedule or policies; and no explanation of the facts pertaining to prior slip and fall incidents, including how or why these incidents would impute notice of the dangerous condition onto Defendant. (*See id.* 8–12; Reply 5–6). According to Defendant, Plaintiff's reliance on "*ipse dixit* statements" is insufficient to plead notice and warrants dismissal of the Complaint. (Mot. 11).

The Court agrees that some of Plaintiff's allegations are conclusory, and Plaintiff offers no argument to the contrary. (*See generally* Resp.). For example, Plaintiff's statements that Defendant had notice of the dangerous condition because of the "length of time" it existed and

5

because of the "high traffic nature of the Lido Deck," with nothing more, are insufficient to allege notice. (Compl. ¶¶ 18, 26); *see Holland*, 50 F.4th at 1096 (affirming dismissal of claims where there was no "allegation as to how long the 'wet or slippery transient foreign substance' existed"); *Newbauer*, 26 F.4th at 935–36 (affirming dismissal of claims where the plaintiff failed to include factual allegations about the length of time a condition existed or how the condition's placement in a "high traffic dining area" gave the defendant notice). And Plaintiff's reference to Defendant's inspection schedule and cleaning policies (*see* Compl. ¶ 18), without any additional facts to clarify what these policies are or how their implementation would have created notice, is similarly insufficient. *See Cisneros v. Carnival Corp.*, No. 1:19-cv-24155, 2020 WL 376695, at *2 (S.D. Fla. Jan. 23, 2020) (finding reference to the defendant's "maintenance and/or inspections of the subject area[,]" with nothing more, insufficient to plead notice (alteration added)).

But Plaintiff adequately alleges the existence of "prior similar incidents[.]" (Compl. ¶¶ 18, 26 (alteration added)). Plaintiff identifies numerous slip-and-fall events, including "fall incidents on wet flooring in the Lido Marketplace dining area on the Lido Deck" of the *Breeze* — a vessel of the same class as the *Magic* — and slip and fall incidents specifically on "wet or slippery areas of the Lido Deck" of the *Magic*. (*Id.* ¶¶ 18–19, 26–27). Plaintiff also lists specific dates and cites cases associated with these incidents. (*See id.* ¶¶ 19, 27). These factual allegations push Plaintiff's claims beyond mere conclusory recitals. *See Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1263–65 (S.D. Fla. 2022) (finding the plaintiff adequately pleaded notice where he alleged 15 prior substantially similar incidents).

Defendant further insists Plaintiff does not provide "enough information to analyze whether these prior incidents meet the requisite substantial similarity doctrine" and argues the cited incidents cannot impute notice because none of them occurred near the pool. (Mot. 14–16; *see*

6

Reply 3–5). The parties spill much ink discussing the finer points of substantial similarity. (*See* Mot. 14–16; *see generally* Resp.; Reply). But the cases the parties discuss are mostly inapplicable here because they were decided either at summary judgment or on a directed verdict — after the factual record had been developed. (*See* Mot. 15 (citing *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-Civ, 2018 WL 5098972, at *1 (S.D. Fla. Aug. 14, 2018), *report and recommendation adopted*, No. 16-24687-Civ, 2018 WL 5098870 (S.D. Fla. Aug. 28, 2018))); Resp. (citing *Guevara*, 920 F.3d at 721; *Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015); *Cogburn v. Carnival Corp.*, No. 21-11579, 2022 WL 1215196, at *3 (11th Cir. Apr. 25, 2022); *Brady v. Carnival Corp.*, 33 F.4th 1278, 1281 (11th Cir. 2022))).

In any event, the "'substantial similarity' doctrine does not require identical circumstances[] and allows for some play in the joints depending on the scenario presented and the desired use of the evidence." (Resp. 1–2 (alteration added; quoting *Sorrels*, 796 F.3d at 1287)). Plaintiff's injury occurred on the Lido Deck of the *Magic*, and Plaintiff alleges "prior similar incidents" occurred on the Lido Deck of the *Magic* or a similarly configured vessel. (Compl. ¶¶ 13, 18–19, 26–27). As explained, that is enough to plausibly plead that Defendant had notice of the dangerous condition. Whether the allegedly prior similar incidents are indeed so similar as to impute notice to Defendant are questions the Court will not resolve on a motion to dismiss. *See Lopez v. Carnival Corp.*, No. 22-cv-21308, at *3 (S.D. Fla. Sept. 30, 2022); *cf. Jumbo v. Ala. State Univ.*, 229 F. Supp. 3d 1266, 1269 (M.D. Ala. Jan. 23, 2017) ("A Rule 12(b)(6) motion tests the sufficiency of a complaint; it is not a vehicle to litigate questions of fact." (citing *Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010))).

    **B. Count II: Negligent Failure to Warn**

Apart from the issue of lack of notice, Defendant argues Plaintiff's negligent-failure-to-warn claim should be dismissed because Plaintiff fails to allege the risk-creating condition was not open and obvious. (*See* Mot. 17–18). "An operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious[,]" and the open nature of a condition is relevant to whether Defendant had a duty to warn Plaintiff. *Guevara*, 920 F.3d at 720 n.5 (alteration added; citation omitted); *see Carroll v. Carnival Corp.*, 955 F.3d 1260, 1267 (11th Cir. 2020) ("The open and obvious nature of a dangerous condition negates liability for failure to warn." (citation omitted)). While "the question of whether a danger is open and obvious relies on a heavily factual inquiry which is inappropriate" at the motion-to-dismiss stage, *Wiegand v. Royal Caribbean Cruises Ltd.*, No. 1:19-25100-cv, 2020 WL 4187816, at *2 (S.D. Fla. Mar. 16, 2020) (citations omitted; collecting cases), a plaintiff is still "required to allege that the danger was not open and obvious" to state a negligent-failure-to-warn claim, *Green*, 614 F. Supp. 3d at 1264 (citing *Spall v. NCL (Bah.) Ltd.*, 275 F. Supp. 3d 1345, 1349 (S.D. Fla. 2016)).

Plaintiff at no point states or even suggests that the substance on which he slipped was not open or obvious. (*See generally* Compl.); *compare with Thayer v. NCL (Bah.) Ltd.*, No. 20-23174-Civ, 2020 WL 7632099, at *4 (S.D. Fla. Dec. 4, 2020) (finding that the plaintiff sufficiently alleged the dangerous condition was not open and obvious by stating "*unbeknownst to her*, she stepped onto looser gravel that moved from underneath her" (emphasis in original; citation and quotation marks omitted)), *report and recommendation adopted*, No. 20-23174-Civ, 2020 WL 7625224 (S.D. Fla. Dec. 22, 2020). Plaintiff also does not address Defendant's argument. (*See generally* Resp.). The failure to respond to arguments regarding claims addressed in a motion to dismiss is sufficient basis to dismiss such claims as abandoned or by default. *See A1 Procurement, LLC v. Hendry Corp.*, No. 11-23582-Civ, 2012 WL 6214546, at *3 (S.D. Fla. Dec. 13, 2012); *Hooper v.*

*City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (dismissing claims as abandoned where the plaintiff failed to respond to the defendants' arguments concerning the dismissal of those claims (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995))).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, Carnival Corporation's Motion to Dismiss Plaintiff's Complaint **[ECF No. 11]** is **GRANTED in part**. Plaintiff's negligent-failure-to-warn claim in Count II is **DISMISSED**. Plaintiff may file an amended complaint by **July 19, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 10th day of July, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record